

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DARWIN TROY DIXON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 00-406** |
| **WARDEN B. KAYLO ET AL.** | **SECTION "G" (5)** |

## REPORT AND RECOMMENDATION

The plaintiff Darwin Troy Dixon, a prisoner at the Avoyelles Correctional Center in Cottonport, Louisiana, has filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Baron Kaylo, warden of the facility, as well as employees of the prison's medical staff. The plaintiff alleges that he should not be charged for medical services that arose due to a work-related injury. He also claims that he has received inadequate medical care.

Because § 1983 contains no specific venue provision, venue is determined under 28 U.S.C. section 1391, also known as the general venue statute. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). Section 1391(b) provides in pertinent part as follows:

> A civil action wherein jurisdiction is not founded on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . ., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

DATE OF ENTRY FEB 28 2000

DATE OF MAILING FEB 28 2000

Fee ___
Process ___
X Dktd ___
CtRmDep ___
Doc.No. ___

Pursuant to 28 U.S.C. § 1406(a), a district court in which venue is wrong may transfer a case to another district or division in which venue is proper, if such transfer is in the interest of justice. In the instant matter, the plaintiff's claims arise from events that allegedly occurred in the Avoyelles Correctional Center in Cottonport, Louisiana, which is situated within the geographical jurisdiction of the United States District Court for the Western District of Louisiana. Furthermore, the defendants are to be found in that district. Accordingly, venue is proper in that jurisdiction, and the interest of justice to all parties dictates that this case be transferred.

## RECOMMENDATION

**IT IS RECOMMENDED** that the instant matter be **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 24 day of February, 2000.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

2